GREAT WESTERN STOCK COMPANY, Plaintiff in Error, *v.* FELIX SAAS, Defendant in Error.

The Great Western Stock Company purchased of Felix Saas real estate, and received a warranty deed and the possession, in which it has not been disturbed, but it refuses to pay its notes for the deferred payments, on the ground that it is liable to be disturbed by the heirs of the wife of Ambrose Dudley after his decease, in consequence of a supposed defective conveyance by her.

*Held*, that the company, being in quiet possession under the deed, is bound to pay the notes and rely on the covenants in the deed for indemnity against any future eviction; that such is the settled construction of the contract between the parties; and that an act passed after suit on the notes, but a few days before judgment, authorizing a vendee in such a case to have the title investigated and damages for defect of title assessed and set off against the notes given for the purchase money, is not to be construed as applicable to existing deeds; and if it were necessary to so construe the act, it would be unconstitutional.

Felix Saas brought suit upon a note given for the purchase money of land, and the Stock Company brought suit to enjoin the collection of the note on the ground that the title to one-third of the land conveyed to the company by Saas was defective, being in the heirs of Martha C. Dudley, deceased, subject to the life estate of Ambrose Dudley, her surviving husband. The life estate of

Ambrose Dudley was in Saas. The Great Western Stock Company is in peaceable possession, and anticipates no eviction till the death of Ambrose Dudley; but it has reason to believe that upon his decease litigation will commence, and it asks to be protected against having to pay for the land. This cause was before this court at General Term, on a former occasion, by reservation, to decide whether the heirs of Martha C. Dudley should be stricken from the original suit, of which they had been made parties on a previous motion. It was then held that the heirs of Martha C. Dudley were not proper parties to that suit, because their claim was no defense against the suit of Saas; that as there had been no eviction of the Stock Company, and as it was in quiet possession of the property, it could not refuse to pay the purchase money notes; that if the title should prove to be defective and the company should be evicted, its remedy was on the covenants in the deed. The court in that decision followed the ruling of the Supreme Court in *Hill* v. *Butler*, 6 Ohio St. Rep. 207.

The heirs of Martha C. Dudley were, therefore, on motion, dismissed from the suit, and the case was remanded for further proceedings; and such proceedings were had at Special Term, that a judgment was rendered against the Stock Company for the amount of purchase money due, to reverse which this petition in error is prosecuted

*W. M. Ramsey*, for plaintiff in error.

*James Saffin.* and *Caldwell, Coppock & Caldwell*, for defendant in error.

TAFT, J. The bill of exceptions presents but one question. It states that the Stock Company, on the trial, "offered evidence tending to prove that upon the death of Ambrose Dudley, the heirs at law of Martha Catherine Dudley, would be entitled to possession of the undivided one-fourth part of the premises described in the petition,

as tenants in fee simple, which evidence the court refused to hear," and the Stock Company excepted.

The trial was had, and the bill of exceptions allowed, at the May term, 1870.

On the 18th of April, 1870, a few days preceding the judgment, section 567 of the code was amended by the legislature so as to provide, that, "In all actions brought for the recovery of purchase money of real estate, by vendor against vendee, it should be competent for such vendee, notwithstanding his continued possession, to set up, by way of counter claim, any breach of the covenants of title acquired by him from the plaintiff, and to make any and all persons claiming any adverse estate or interest therein, parties to the cause; and upon the hearing he should be entitled to recourse against the plaintiff's demand for the present worth of any existing lien or incumbrance thereon, and if the adverse estate or interest of the said claimants should be an estate in reversion or remainder, or contingent upon a future event, the court may, at its discretion, require the vendee to surrender the possession to his vendor, upon the repayment of so much of the purchase money as shall have been paid thereon, with interest, or it may direct the payment of the purchase money claimed in the action, upon the plaintiff's giving bond in double the amount thereof, with two or more sureties, to be approved by the court, for the repayment of the same with interest, if the defendant and his privities of contract shall subsequently be evicted by reason of said defect."

This act appears not to have been published so as to be known to the court or the parties at the time of the trial. But it appears to have been in force, and the plaintiff in error claims that, by virtue of that act, if not otherwise, the testimony which they offered, was competent, and that to rule it out was error. We regard the decision made in General Term, on the motion to strike out the heirs of Martha C. Dudley as parties, as involving the competency of the evidence offered. From that

decision it necessarily followed, that the evidence in regard to the claim of Mrs. Dudley's heirs was not competent, unless made so by the act of April 18, 1870, which we have now recited. The effect of that act, therefore, is what we have to consider.

On the one side, it is claimed that this act, like the statute of limitations, affects the remedy and not the right under the contract. We think that, by the law as it had been long settled prior to the statute, no right of action could arise on the covenants in this deed for more than mere nominal damages, till the Stock Company should be evicted; and by the contract made between the parties, the purchasers were bound to pay the notes when they became due. These were the rights of the parties under their contract. It mattered not what form of remedy was adopted, the result would be the same. There was no substantial breach of the warranty until eviction. This was the legal construction of their contract. That relation having been established between these parties by contract, we think that the legislature could not change it. Nor do we consider the language of the amended statute such as to make necessary the construction claimed by the defendant. The statute may have its proper operation upon contracts to be made after its passage. The more natural construction of an act affecting substantial rights under contracts, is to hold that it contemplates future contracts only.

We hold, then, that this act does not apply to the covenants in this deed, and if it was intended so to apply, or had been so expressed, as to make it necessary for us so to construe it, we should hold that, as to contracts made before the passage of the act, it was unconstitutional and ineffectual.

Judgment affirmed.